UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NATHANIEL G. HANNAH,

        Plaintiff,

v.                            Case No. 3:12-cv-1371-J-12TEM

LT. NORRIS, et al.,

        Defendants.

---

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Nathaniel G. Hannah[1] initiated this action by filing a pro se Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint)[2] pursuant to 42 U.S.C. § 1983 on December 20, 2012. In the Complaint, Plaintiff names the following Defendants: (1) Lieutenant Norris; (2) Sergeant Griffis; (3) Correctional Officer Hodson; (4) Correctional Officer Newell; and (5) "black men

---

[1] Plaintiff Nathaniel G. Hannah was released from the Florida Department of Corrections on February 6, 2009, and now resides in Lakeland, Florida.  See http://www.dc.state.fl.us/InmateReleases.

[2] The Complaint consists of a six-page Complaint form, with several attachments.  The Court has inscribed sequential page numbers on the bottom center of each page of the attachments to the Complaint form.

inmates."[3]  Complaint at 3 (capitalization omitted).  Although the
Complaint is not a model of clarity, it appears Plaintiff is
asserting that, while incarcerated at Union Correctional
Institution, several correctional officers drenched him with
chemical mace in the barber shop and then hit, kicked and stomped
him until his left eyeball popped out of its socket.  Id. at 5-6.
He contends that "all this happened in Sept 10, 2006."  Id. at 9.
However, later in the Complaint, he appears to allege that the
events occurred in 2008.  See id. at 14.  The Court takes judicial
notice of Plaintiff's previously-filed case (Case No. 3:09-cv-923-
J-32MCR), in which Plaintiff made the same assertions relating to
the alleged assault upon him by correctional officers, and alleged
that the assault occurred on June 16, 2008.[4]  As relief, he

---

[3] Plaintiff Hannah also names "black inmates in Department of
Corrections" as additional Plaintiffs.  Complaint at 3 (some
capitalization omitted).  However, it is clear that Plaintiff
Hannah is not authorized to file this action on behalf of other
individuals.  See Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir.
1998) ("where [a] document is tendered and signed by a nonlawyer on
behalf of another, then there comes into play the underlying
principle itself, namely that in federal court a party can
represent himself or be represented by an attorney, but cannot be
represented by a nonlawyer") (citing Eagle Associates v. Bank of
Montreal, 926 F.2d 1305, 1308-09 (2nd Cir. 1991)).

[4] In Case No. 3:09-cv-923-J-32MCR, Plaintiff alleged that the
same correctional officers assaulted him and drenched him with
chemical mace on June 16, 2008, at 9:00 p.m. in the barber shop.
In that case, he claimed that, as a result of the alleged assault,
he suffered eye and head injuries.  On March 30, 2010, the Court
dismissed the case without prejudice for Plaintiff's lack of
prosecution.

requests $2,500,000.00 in compensatory damages and $2,500,000.00 in punitive damages. Id. at 19.

Stating that he does not have sufficient funds to pay the filing fee, Plaintiff seeks to proceed in forma pauperis. See Affidavit of Indigency (Doc. #2). Despite the fact that he is no longer incarcerated, the Court is required to review the Complaint to determine whether it is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[5] The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual

---

[5] This Court recognizes that 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding in forma pauperis. See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam) (finding that the district court did not err in dismissing a § 1983 complaint under the in forma pauperis statute for failure to state a claim, where the complaint challenging the conditions of confinement of a civilly committed detainee failed to assert facts regarding each particular defendant's involvement in the alleged violations).

allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Thus, in the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under 42 U.S.C. § 1983.

4

Although 42 U.S.C. § 1983 does not have a statute of limitations provision, the courts look to the limitation periods prescribed by the state in which the litigation arose.  In all § 1983 actions, the state limitations statute governing personal injury claims should be applied.  See Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987).  Thus, under Wilson, the proper limitations period for all § 1983 actions in Florida is the four-year limitations period set forth in Florida Statutes section 95.11(3). In sum, the appropriate limitations period for Plaintiff's federal constitutional claims is four years:

> The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries.  See Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (stating that state statutes of limitations for personal injuries govern § 1983); Baker v. Gulf & Wester Industries, Inc., 850 F.2d 1480, 1482 (11th Cir. 1988) (stating that Fla. Stat. Ann. § 95.11(3) provides for a four-year limitations period for personal injuries).

Omar ex. re. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam).

As stated above, Plaintiff's Complaint concerns events that allegedly occurred either on September 10, 2006, or on June 16, 2008.  Thus, Plaintiff's action is barred by the statute of limitations and is due to be dismissed as frivolous.  See Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th

5

Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").[6]

Therefore, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    This case is **DISMISSED WITHOUT PREJUDICE.**

2.    The **Clerk of the Court** shall enter judgment dismissing this case without prejudice.

3.    The Clerk shall terminate any pending motions.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 3ɾd. day of January, 2013.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

ps 12/26
c:
Nathaniel G. Hannah

---

[6] Plaintiff's allegations include some other conclusory claims regarding the conditions of his former confinement, such as complaints about the meals he was served.  See Complaint at 21. These conclusory claims do not rise to the level of a federal constitutional violation.